IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| LARDO BAKERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 160386R |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appeals Defendant's assessment of late filing penalties for the 2015-16 and 2016-17 tax years. (Compl at 1, 4.) A telephone trial was held on April 15, 2017. Kurt Huffman (Huffman), Plaintiff's managing and tax partner, appeared and testified on behalf of Plaintiff. Carlos A. Rasch (Rasch), Assistant County Counsel, appeared on behalf of Defendant. Albert Hilton (Hilton), Operations Administrator for the Personal Property Section of the Multnomah County Assessor's Office, testified on behalf of Defendant. Defendant's Exhibits A through C were admitted into evidence without objection.

## I. STATEMENT OF FACTS

Plaintiff appeals the imposition of penalties for failure to timely file personal property tax returns for the 2015-16 and 2016-17 tax years, totaling $2,512.29 and $232.13 respectively. (Def's Ex A at 2.) Huffman testified that Plaintiff's parent company has consistently filed real and personal property tax returns for around 20 companies during the last nine years. Huffman asserted that the failure of Plaintiff's accountant to file a 2015 personal property return for Plaintiff was not intentional, but due to an "administrative oversight." (*See also* Compl at 2.) He

---

[1] This Final Decision incorporates without change the court's Decision, entered July 26, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

testified that Plaintiff's business is one of the parent company's newer businesses—it opened in 2014. Huffman argued that the late filing penalty was inappropriate given the company's good track record of filing returns and paying taxes and the unintentional nature of Plaintiff's failure to file.

Hilton testified that Defendant received Plaintiff's 2016 personal property return past the March 15 deadline, on May 24, 2016. (Def's Ex C at 1.) He explained that Plaintiff later sent Defendant an amended property list on October 10, 2016, after realizing that it had not included in its 2016 return several pieces of property that were "built in" to the establishment. (*See also id.*)

Hilton testified that Defendant's October 21, 2016, letter of notice to Plaintiff contained corrected property assessment values for the 2015-16 and 2016-17 tax years. (*See also* Def's Ex A at 2.) Those values were adjusted to include the additional properties in Plaintiff's amended list. (*See id.*) Based on the corrected values, Defendant assessed additional taxes as well as late filing penalties. (*See id.*) Hilton testified that late filing penalties were calculated as required by a statute that leaves counties no discretion in assessing such penalties. The penalty was calculated at 50 percent of the additional taxes for 2015-16 and five percent of the additional taxes for 2016-17. (*See id.*) Hilton further testified that Defendant received no petition from Plaintiff to reduce or eliminate the penalties.

## II. ANALYSIS

Owners of personal property are required to file a personal property tax return each year. ORS 308.290(1)(a).[2] The statutory deadline for filing personal property returns was March 1,

---

[2] References to the Oregon Revised Statutes (ORS) are to 2013 and 2015. Some personal property is non-taxable, however, those exemptions are not at issue in this case.

2015, for the 2015-16 tax year and March 15, 2016, for the 2016-17 tax year. ORS 308.290(4).[3] Taxpayers who file returns after the March 15 deadline but on or before June 1 are subject to a five percent penalty. ORS 308.296(4). Taxpayers who fail to file returns entirely or until after August 1 "shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer." ORS 308.296(4). Taxpayers aggrieved by a late filing penalty may appeal the penalty to the Oregon Tax Court. ORS 311.223(4). ORS 305.422 grants the Tax Court the ability to waive the taxpayer's liability for all or a portion of a late filing penalty "upon a proper showing of good and sufficient cause." Plaintiff acknowledges that it did not timely file returns for the 2015-16 and 2016-17 tax years and Plaintiff does not dispute that the penalties were correctly calculated. (Compl at 2.) Rather, Plaintiff asks the court to waive all or part of the penalties because its failure to file resulted from an accounting error and was "excessive given the nature of the oversight." *Id*.

The issue before this court is whether Plaintiff met its burden of showing good and sufficient cause for the penalty to be waived. "Good and sufficient cause" is not defined in ORS 305.422 and thus the court considers related statutes to interpret the meaning of "good and sufficient cause." *Wong v. Clackamas County Assessor*, TC-MD 021125C, WL 21263657 at *2 (Or Tax M Div Feb 28, 2003) (citing *PGE v. Bureau of Labor & Industries*, 317 Or 606, 611, 859 P2d 1143 (1993)). "Good and sufficient cause" is defined elsewhere in chapter 305 as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative." ORS 305.288(5)(b)(A). That definition specifically excludes certain causes, among which are "inadvertence" and "oversight." ORS 305.288(5)(b)(B).

/ / /

---

[3] ORS 305.290(4) was amended by the 77th Legislative Assembly, moving the filing deadline from March 1 to March 15. That legislation became effective on October 5, 2015.

Extraordinary circumstances alone do not meet the statutory criteria unless they cause the taxpayer to miss the filing deadline and are outside of the taxpayer's control. *Therma-Glass, Inc. v. Clackamas County Assessor*, TC-MD 021119C, WL 21263642 at *2 (Or Tax M Div Apr 8, 2003) (concluding that the taxpayer's move during the filing period may have been extraordinary but was not beyond the taxpayer's control). The scope of "good and sufficient cause," where it appears in chapter 305, is consistently limited to instances beyond the taxpayer's control, "such as death or serious illness; unavoidable and unforeseen absence; lapses in the assessor's performance of his or her duties; or fire, disaster, or other casualty." *Kirtz v. Washington County Assessor*, TC-MD 021123A, WL 32107259 at *2 (Or Tax M Div Dec 27, 2002).

Here, Plaintiff's failure to file its 2015-16 and 2016-17 returns is based on the oversight of their accountant. (Compl at 2.) While the court understands that mistakes do happen, this court has consistently held that relying on an accountant or employee who fails to file a personal property tax return does not meet the statutory definition of good and sufficient cause. *Advanced Tower Components, Inc. v. Marion County Assessor*, TC-MD 091203C, WL 5103227 at *2 (Or Tax M Div Dec 22, 2009) (holding that court could not waive penalty where taxpayer relied on accountant to file returns and accountant failed to do so); *Beauty Management, Inc. v. Clackamas County Assessor*, TC-MD 021051C, WL 25846525 at *2 (Or Tax M Div Jan 30, 2003) (finding that taxpayer lacked good and sufficient cause where employee failed to file personal property returns). The legislature could have provided the court broader discretion to waive penalties than a good and sufficient cause basis, but it did not do so.

First-time offenses also do not constitute a good and sufficient cause to waive late filing penalties. *David Hill Vineyards, LLC v. Washington County Assessor*, TC-MD 050036E, WL 2007223 at *2-3 (Or Tax M Div Aug 19, 2005) (denying the taxpayer's request for the court to

adopt a first-time offense rule not authorized by statute). The court appreciates the fact that Plaintiff has a good track record of filing personal property tax returns. Unfortunately, the court cannot waive Plaintiff's late filing penalties on that basis.

### III.  CONCLUSION

The court concludes that Plaintiff has not demonstrated good and sufficient cause for failing to timely file its 2015-16 and 2016-17 personal property tax returns. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of August 2017.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Davis and entered on August 15, 2017.*